UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Joel Dutton,
      Plaintiff

      v.                                    Case No. 19-cv-284-SM
                                            Opinion No. 2019 DNH 094
Bank of America,
Bank of America, N.A., and
Bank of New York Mellon,
      Defendants


**O R D E R**

Pro se plaintiff, Joel Dutton, brings this common law fraud claim alleging that his home mortgage loan is "fraudulent" and "asking the court to have [defendants] prove they are not acting in a fraudulent manner." Complaint (document no. 1-1) at 7-8. Defendants move to dismiss, asserting that Dutton's complaint fails to set forth the essential elements of a viable claim and fails to allege fraud with sufficient particularity. See Fed. R. Civ. P. 12(b)(6) and 9(b). Moreover, say defendants, any action based upon an allegedly fraudulent act or omission prior to January 18, 2016 (i.e., three years before the date on which Dutton filed his complaint), is barred by the applicable New Hampshire limitations period. See N.H. Rev. Stat. Ann. ("RSA") 504:4. Dutton has not filed an objection to defendants' motion.

For the reasons discussed, defendants' motion is granted and Dutton's complaint is dismissed, without prejudice and with leave to file an amended complaint.

**Standard of Review**

When ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court must "accept as true all well-pleaded facts set out in the complaint and indulge all reasonable inferences in favor of the pleader." SEC v. Tambone, 597 F.3d 436, 441 (1st Cir. 2010). Although the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), it must allege each of the essential elements of a viable cause of action and "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face," Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation and internal punctuation omitted).

In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Instead, the facts alleged in the complaint must, if credited as true, be sufficient to

2

"nudge[] [plaintiff's] claims across the line from conceivable to plausible." Id. at 570.  Moreover, when pleading a claim sounding in fraud, a plaintiff "must state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b) (emphasis supplied).

**Factual Background**

Based upon the factual allegations set forth in Dutton's complaint, as well as the public documents submitted by defendants, the pertinent facts are as follows.  In April of 2007, Dutton (along with his wife, Kimberly, and a third party, Ryan Roy) obtained a loan from Countrywide Home Loans ("Countrywide") in the original principal amount of One Hundred Eighty Seven Thousand Two Hundred Dollars ($187,200.00).  As security for that loan, Dutton and the other borrowers conveyed a mortgage deed to the property located at 24 Dundee Avenue, Hooksett, New Hampshire, to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Countrywide.

It is unclear whether Dutton is currently in default of his obligations under the loan.  Nor is it apparent whether MERS (or an assignee) has taken any action against the real estate pledged as security for that loan.  It seems, however, that

Dutton no longer wishes to make payments on that loan (or thinks that he should be legally excused from doing so).

In his complaint, Dutton alleges that "this is a fraudulent loan." Complaint (document no. 1-1) at 8. He goes on to claim that:

1. "Defendants are trying to confuse the facts to hide such," id.;

2. "Specialized Loan Services says that they are collecting on behalf of Bank of New York Mellon," id. at 9;

3. "Specialized Loan Services claims that Bank of New York Mellon is the current creditor," id.;

4. None of the parties mentioned have shown any proof of the Person Entitled to Enforce is [sic] or of the properly filed files of transfer or ownership of the promissory note." id. at 9.

In terms of relief, Dutton "ask[s] that all parties be notified of further payments on this loan are going to be withheld as agreed by the written requests submitted to Bank of New York Mellon and their agent Specialized Loan Services." Id. Dutton also requests "that all funds held in escrow for taxes be returned, and all defendants render a letter of satisfaction and release of lien." Id.

## Discussion

Even liberally construing the factual claims advanced by Dutton, his complaint fails to set forth the essential elements of a viable cause of action for fraud.

> To establish fraud, the plaintiff must prove that the defendant made a fraudulent representation for the purpose or with the intention of causing the plaintiff to act upon it. While the plaintiff need not establish fraud in his pleadings, in order to withstand a motion to dismiss the plaintiff must specify the essential details of the fraud, and specifically allege the facts of the defendant's fraudulent actions. It is not sufficient for the plaintiff merely to allege fraud in general terms.

Proctor v. Bank of New Hampshire, N.A., 123 N.H. 395, 399 (1983) (citations omitted). See also Ezell v. Lexington Ins. Co., No. 18-2064, 2019 WL 2428113, at *2 (1st Cir. June 11, 2019) ("In short, appellants have failed to state with particularity the circumstances constituting fraud. Under Rule 9(b), appellants must state the who, what, where, and when of the allegedly misleading representation with particularity.") (citations and internal punctuation omitted); Davis v. Gutierrez, 2018 DNH 063, 2018 WL 1514869, at *9 (D.N.H. Mar. 27, 2018) ("The heightened standard imposed by Rule 9(b) to plead fraud with particularity means that a complaint rooted in fraud must specify the who, what, where, and when of the allegedly false or fraudulent

representations or omissions.") (citation and internal punctuation omitted).

## Conclusion

Dutton's complaint fails to set forth the essentials elements of a viable fraud claim under New Hampshire common law. It also, necessarily, fails to plead his fraud claim with the requisite particularity under Fed. R. Civ. P. 9(b).

Accordingly, Dutton's complaint is dismissed, albeit without prejudice to his filing, **on or before July 12, 2019**, an amended complaint that clearly and concisely sets forth the essential elements of a viable fraud claim, with the specificity required by Rule 9(b). That is, he must clearly allege: who made the allegedly fraudulent misrepresentation(s) upon which he relied; what precisely was misrepresented to him; and, finally, when and where the fraudulent misrepresentation(s) was or were made. He shall also allege, with specificity, how he claims to have been harmed by the allegedly fraudulent statement(s). If he fails to do so, his complaint shall be dismissed with prejudice.

**SO ORDERED.**

_____

Steven J. McAuliffe
                                    United States District Judge

June 14, 2019

cc:  Joel Dutton, pro se
     Thomas J. Pappas, Esq.